## CONFESSION OF JUDGMENT

Thomas M. Clarke ("Clarke") of Roanoke, Virginia, provides this Confession of

Judgment to the law firm of Henson Efron, P.A., ("Henson Efron"), 220 South Sixth Street,

Minneapolis, Minnesota, 55402, as follows:

### PREMISES

WHEREAS, Clarke retained Henson Efron to represent him in 2018 as a defendant in

three different lawsuits venued in federal and state courts in Minnesota pursuant to the terms of

three written fee agreements;

WHEREAS, Henson Efron represented Clarke in each of the lawsuits in 2018 and 2019

and billed Clarke monthly for its fees and expenses pursuant to the fee agreements without

objection or complaint from Clarke;

WHEREAS, Henson Efron no longer represents Clarke in connection with the three

lawsuits or in connection with any other matter;

WHEREAS, Clarke agrees he is indebted to Henson Efron in the total amount of

$176,820.54 as of November 13, 2019, for services rendered in the three lawsuits pursuant to the

fee agreements;

WHEREAS, Henson Efron commenced an action against Clarke in the United States

District Court for the District of Minnesota in Henson Efron v. Clarke, File No. 19-cv-03011-

NEB-DTS pursuant to a Complaint, a copy of which is attached as Exhibit 1, as to which Clarke

signed a Waiver of Service of Summons, a copy of which is attached as Exhbit 2.

WHEREAS, Clarke's response to the Complaint is due February 17, 2020; and Clarke

admits the Complaint's allegations are all true but wishes to avoid entry of judgment pursuant to

the Complaint in the pending District of Minnesota action against him by signing this Confession

of Judgment;

EXHIBIT 1

**WHEREAS**, Clarke agrees to execute and deliver to Henson Efron this Confession of Judgment to ensure that Henson Efron may have judgment promptly entered against him for collection of the debt owed if the required monthly payments are not timely made in full;

**NOW, THEREFORE**, based on the foregoing Premises, Clarke hereby confesses judgment in favor of Henson Efron as follows:

1.      Clarke acknowledges and agrees that the foregoing Premises are true and correct and that this Confession of Judgment is based upon a debt that is justly due and owing to Henson Efron.

2.      Clarke agrees he owes Henson Efron principal amount of $176,820.54 plus interest at the rate of 6% per annum from and after November 13, 2019.

3.      Clarke agrees to pay Henson Efron the sum of $5,000 a month on or before the 25th day of each month, beginning on February 25, 2020, until the full amount in paragraph 2 is paid in full, including all accrued interest. Payment by Clarke shall be made each month by wire transfer no later that 5 pm CST on the 25th day of each month to U. S. Bank, N.A., 800 Nicollet Mall, Minneapolis, MN 55402 USA Routing Transit Number: 091000022 Swift/Bic Code: USBKUS44IMT (for International Wires) Account Name: Henson & Efron, P.A. Operating Account Account Number: 1602-3226-7205 unless otherwise directed in writing by Henson Efron.

4.      If Clarke fails to make any payment due in paragraph 3 and such fact is confirm by affidavit of counsel for Henson Efron, Clarke authorizes and directs any state or federal court in Minnesota, Virgina, and any other state where Clarke may own property to immediately enter a money judgment in favor of Henson Efron and against Clarke in the principal amount of

2

$176,820.54 plus interest at the rate of 6% per annum from and after November 13, 2019, less any amounts paid by Clarke to Henson Efron pursuant to paragraph 3.

5.     This Confession of Judgment shall be governed by and construed in accordance with Minnesota law.

6.     Clarke acknowledges and agrees that federal and state courts in Minnesota, Virginia and any other state where Clarke may own property shall have personal jurisdiction over him and shall have authority to enter judgment against him pursuant to this Confession of Judgment.  Clarke further acknowledges and agrees that any judgment entered against him pursuant to this Confession of Judgment shall be fully enforceable in any other federal or state court.

7.     Clarke acknowledges and agrees that he shall not be entitled to any notice, hearing or opportunity to protest prior to the filing of this Confession of Judgment or prior to the entry of judgment by a court pursuant to this Confession of Judgment.

8.     Clarke acknowledges and agrees this Confession of Judgment is irrevocable, absolute and unconditional and shall not be subject to any set off or defense of any kind.

9.     Clarke acknowledges and agrees that he has consulted with and been advised by attorney(s) of his own choosing independent of and unrelated to Henson Efron regarding his rights concerning the matters herein and this Confession of Judgement.

February   , 2020

_____
Thomas M. Clarke

## VERIFICATION

I, Thomas M. Clarke, acknowledge that I have read the forgoing Confession of Judgment and know and understand its contents.  The Confession of Judgment is true and correct.  I have

3

executed the Confession of Judgment knowingly, voluntarily and as my own free act and deed. I declare under penalty of perjury that the foregoing is true and correct.

Thomas M. Clarke

Subscribed and sworn to before me on

this **26** day of Febuary, 2020.

Notary Public

County/City of __Botetourt__
Commonwealth/State of __VA__
The foregoing instrument was acknowledged before me this __26__ day of __Feb__,
__2020__, by
__Thomas M. Clarke__
(name of person seeking acknowledgement)

Notary Public
My Commission Expires: __10/31/20__

4847-4555-4605, v. 1

4

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Henson & Efron, P.A., | Civil No. _____ |
| Plaintiff, | |
| v. | |
| Thomas M. Clarke, | |
| Defendant. | |

## COMPLAINT

Plaintiff Henson & Efron, P.A. ("Henson Efron"), for its Complaint against Defendant Thomas M. Clarke ("Clarke") states and alleges as follows:

### NATURE OF THE ACTION

This is an action by Henson Efron to recover from Clarke on theories of account stated and breach of contract for legal fees and costs Clarke owes Henson & Efron for its representation of Clarke as a defendant in three lawsuits venued in Minnesota in 2018 and 2019.

### PARTIES, JURISDICTION AND VENUE

1.     Henson Efron is a law firm in Minneapolis, Minnesota, and a citizen of the State of Minnesota.

2.     Clarke, on information and belief, resides in Buchanan, Virginia, and is a citizen of the State of Virginia.

Exhibit 1

3.    The amount at issue in this case exceeds the sum of $75,000.00, exclusive of costs and interest.

4.    The Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(a) based upon the complete diversity of citizenship between the parties and the fact the amount in controversy, exclusive of costs and interest, exceeds the sum of $75,000.00.

5.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims herein occurred in this district.

## FACTUAL BACKGROUND

6.    In 2018 Clarke was sued as a defendant in three separate lawsuits in Minnesota: Nubai Global Investment, Ltd. v. Clarke, Case No. 18-cv-02228 (PJS/DTS) (D. Minn.) ("Nubai lawsuit"); B. Riley FBR, Inc. v. Clarke, Case No. 18-cv-02318 (NEB/BRT) (D. Minn.) ("Riley lawsuit"); and Cleveland-Cliffs, Inc. and Cliffs Mining Co. v. Clarke and Mesabi Metallics Co., LLC, Case No. 69DU-cv-18-1903 (Minn. Dist. Ct., Sixth Judicial Dist.) ("Cleveland-Cliffs" lawsuit). Clarke submitted to the jurisdiction of the courts in Minnesota in all three cases.

7.    Clarke retained Henson Efron as counsel in the Nubai and Cleveland-Cliffs lawsuits pursuant to Engagement Agreements dated August 3, 2018, and as counsel in the Riley lawsuit by an Engagement Agreement dated August 14, 2018. The Engagement Agreements were virtually identical and required Clarke to pay Henson Efron within thirty days after receipt of Henson Efron invoices for services rendered. The Engagement

Agreements also required Clarke to reimburse Henson Efron its collection costs and attorneys' fees for nonpayment of invoices.

8.      Henson Efron appeared on Clarke's behalf in all proceedings in Minnesota in all three cases through resolution of the Nubai and Cleveland-Cliff lawsuits in 2019 and through its authorized withdrawal as Clarke's counsel in the Riley lawsuit pursuant to Court Order in 2019.

9.      Henson Efron devoted substantial time and incurred expenses in representing Clarke in the three lawsuits and invoiced Clarke each month for the legal fees and expenses incurred on his behalf pursuant to the Engagement Agreements.

10.     Never once did Clarke object or complain to Henson Efron about the services it rendered on his behalf or question or dispute Henson Efron's invoices or the amounts owed by him.

11.     Clarke initially made payments to Henson Efron for services rendered in all three lawsuits in response to Henson Efron's invoices, but he later ceased making payments despite promises to do so.

12.     As of November 13, 2019, the amount invoiced to and still owed by Clarke to Henson Efron for services rendered and costs incurred in the Nubai lawsuit is $990.80.

13.     As of November 13, 2019, the amount invoiced to and still owed by Clarke to Henson Efron for services rendered and costs incurred in the Riley lawsuit is $147,245.28.

14.    As of November 13, 2019, the amount invoiced to and still owed by Clarke to Henson Efron for services rendered and costs incurred in the Cleveland-Cliffs lawsuit is $28,548.46.

## COUNT ONE – ACCOUNT STATED

15.    Henson Efron repeats and re-alleges all allegations above as part of Count One.

16.    Repeatedly and over many months Clarke was invoiced by Henson Efron for services rendered and costs incurred in defending him in three lawsuits.

17.    Clarke received and retained all invoices without any objection or disputation regarding the services rendered or the amounts owed and thereby manifested his assent to the sums stated therein.

18.    Clarke is indebted to and owes Henson Efron on account stated the sum of $990.80 in the Nubai lawsuit.

19.    Clarke is indebted to and owes Henson Efron on account stated the sum of $147,245.28 in the Riley lawsuit.

20.    Clarke is indebted to and owes Henson Efron on account stated the sum of $28,548.46 in the Cleveland-Cliffs lawsuit.

## COUNT TWO – BREACH OF CONTRACT

21.    Henson Efron repeats and re-alleges all allegations above as part of Count Two.

22.    Clarke entered into separate but virtually identical Engagement Agreements with Henson Efron for representation as his counsel in three lawsuits against him venued

in Minnesota which required that Clarke pay Henson Efron for services rendered within thirty days of Clarke's receipt of Henson Efron's invoices.

23.     Henson Efron fully performed all its obligations to Clarke under all three Engagement Agreements and complied with all conditions precedent to payment for all amounts invoiced to Clarke in all three lawsuits.

24.     Clarke breached his obligations to Henson Efron under the Engagement Agreements by failing to pay in full the amounts invoiced to him for services rendered in all three lawsuits.

25.     Clarke is liable to Henson Efron in damages for breach of contract in the Nubai lawsuit in the sum of $990.80 together with all costs and fees incurred by Henson Efron in this action and in collection on any judgment.

26.     Clarke is liable to Henson Efron in damages for breach of contract in the Riley lawsuit in the sum of $147,245.28 together with all costs and fees incurred by Henson Efron in this action and in collection on any judgment.

27.     Clarke is liable to Henson Efron in damages for breach of contract in the Cleveland-Cliffs lawsuit in the sum of $28,548.46 together with all costs and fees incurred by Henson Efron in this action and in collection on any judgment.

     **WHEREFORE** Henson Efron requests judgment against Clarke as follows:

1.     An award of damages in the amount of $176,784.54, plus interest thereon,

2.     An award of attorneys' fees and costs incurred by Henson Efron in this action,

CASE 0:19-cv-03011-NEB-DTS   Document 1   Filed 12/02/19   Page 6 of 6

3.    An Order providing for future award of attorneys' fees and costs incurred by Henson Efron in collecting on any judgment of this Court in future proceedings in this or other courts where the judgment may be docketed and enforced, and

4.    An award of such other legal and equitable relief as may be just and appropriate.

                                           HENSON & EFRON, P.A.


Dated:  December 2, 2019                  /s/ Stuart T. Williams
                                          Stuart T. Williams, #11750X
                                          Benjamin J. Hamborg, #0395401
                                          220 South Sixth Street, Suite 1800
                                          Minneapolis, MN  55402-4503
                                          Telephone:  (612) 339-2500
                                          swilliams@hensonefron.com
                                          bhamborg@hensonefron.com

                                          *ATTORNEYS FOR PLAINTIFF*


4844-1313-3229, v. 1

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
### District of Minnesota

| | |
|---|---|
| Henson & Efron, P.A. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   0:19-cv-03011-NEB-DTS |
| Thomas M. Clarke | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Thomas M. Clarke
       *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____12/19/2019_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: __12/19/2019__

__Thomas M. Clarke__
*Printed name of party waiving service of summons*

_____
*Signature of the attorney or unrepresented party*

Thomas M. Clarke
*Printed name*

192 Summerfield Ct  Ste 203
Roanoke, VA 24019 *Address*
tom.clarke @ clarkeinvestments.com
*E-mail address*

540-595-3908
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

Exhibit 2